# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WENDY D. STARNES**                                                                **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 1:20-cv-97-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

## OPINION AND ORDER

Plaintiff Wendy D. Starnes brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying her claims for disability insurance benefits and supplemental security income. Having considered the parties' submissions, the record, and the appliable law, the Court finds that the Commissioner's final decision should be AFFIRMED and this action should be DISMISSED with prejudice.

In May of 2017, Plaintiff applied for disability insurance benefits and supplemental security income, alleging that she had been disabled since July 1, 2016, due to diabetes and blindness in one eye. (Administrative Record [10] at 179-88; 198). After the agency denied Plaintiff's claims, an Administrative Law Judge ("ALJ") held a hearing, and on February 25, 2019, the ALJ issued a decision finding that Plaintiff was not disabled. ([10] at 15-24). Plaintiff then appealed the ALJ's decision to the Appeals Council. On January 9, 2020, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([10] at 6-8). Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

# ADMINISTRATIVE LAW JUDGE'S DECISION

In her February 25, 2019, decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled. At step one, the ALJ noted that Plaintiff worked after the alleged disability onset date—July 1, 2016—but found that her work activity did not rise to the level of substantial gainful activity. At step two, the ALJ found that Plaintiff had the following severe impairments: arthritis of the shoulder, bilateral pedal edema, and diabetic retinopathy of the left eye. The ALJ found that another medically determinable impairment—diabetes mellitus—was not severe. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([10] at 17-19).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[2] to "perform light work as defined in 20 CFR 404.1567(b) and

---

[1] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).
*See* 20 C.F.R. §§ 404.1520, 416.92. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

416.967(b) except she must never climb ladders, ropes, or scaffolds; must avoid all exposure to unprotected heights and hazardous machinery; and is limited to a job that requires only occasional peripheral acuity and depth perception." ([10] at 19). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a cashier. ([10] at 22).

A finding at step four that a claimant can perform past relevant work results in a decision that the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520, 416.92. The ALJ, however, did not end her analysis at step four. The ALJ continued to step five and made "alternative findings" concerning Plaintiff's ability to perform other substantial gainful activity. The ALJ found that other jobs existed in significant numbers in the national economy Plaintiff could perform. ([10] at 23-24). Accordingly, the ALJ found that Plaintiff was not disabled. ([10] at 24).

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the

Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## ANALYSIS

Plaintiff raises two grounds for relief:

(1) The Administrative Law Judge reversibly erred in failing to assign any limitations in the residual functional capacity regarding the Plaintiff's ability to perform jobs with near acuity, despite repeatedly acknowledging that the Plaintiff requires a magnifying device to read secondary to her severe impairment of diabetic retinopathy. In failing to assign such limitations, the residual functional capacity is not support by substantial evidence.

(2) The Administrative Law Judge reversibly erred in failing to find that the Plaintiff's uncontrolled diabetes mellitus was a severe impairment.

**Issue 1: Residual Functional Capacity**

Plaintiff argues that the ALJ failed to incorporate Plaintiff's visual acuity limitations into the ALJ's RFC assessment. An ALJ has a duty to develop the record before her and must make an RFC assessment that is supported by substantial evidence. The claimant, however, bears the burden of demonstrating that the ALJ's determination is not supported by substantial evidence. *Audler v. Astrue*, 501 F.3 446, 448 (5th Cir. 2007). As previously mentioned, "[s]ubstantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames*, 707 F.2d at 164.

4

Plaintiff points to a report from a consultative ophthalmologist, Dr. Mandi Smith, which states that Plaintiff was unable to read without glasses, had restriction in all visual fields, and did not have useful binocular vision even with glasses. ([10] at 342-43). Plaintiff also points to her own hearing testimony that she uses a "magnifier" to read and apply makeup. ([10] at 68). According to Plaintiff, the ALJ acknowledged that Plaintiff requires a magnifying device to read. Plaintiff argues that despite this evidence, the ALJ failed to assign limitations concerning Plaintiff's "near acuity" and, as a result, found that Plaintiff could perform past relevant work as a cashier, which requires frequent near acuity.

In determining Plaintiff's RFC, the ALJ considered opinion evidence, subjective complaints, medical records, and activities of daily living. According to the ALJ, she considered Plaintiff's reduced vision and visual acuity and provided accommodations in the RFC for low vision. The ALJ determined that the accommodations in the RFC provide for the claimant's reasonably expected visual limitations. ([10] at 20).

Plaintiff specifically considered Dr. Smith's opinions. Dr. Smith found that Plaintiff was unable to read without glasses but, with corrective lenses, had "20/25" vision in her left eye and could count fingers with her right eye. ([10] at 342). The ALJ noted Dr. Smith's conclusion that Plaintiff had no depth perception and limited peripheral vision and should take the following precautions in the workplace: "safety glasses, no operating heavy machinery or working [with] hazardous material." ([10] at 20; 343). Thus, the ALJ determined that Plaintiff had the RFC to "perform light work . . . except she must never climb ladders, ropes, or scaffolds; must avoid all exposure to unprotected heights and hazardous machinery; and is limited to a job that requires only occasional peripheral acuity and depth perception." ([10] at 19).

The ALJ considered treatment notes from Plaintiff's ophthalmologist showing that her vision conditions were stable and required no active treatment and only routine examinations. ([10] at 20). Indeed, Plaintiff's ophthalmologist noted multiple times that Plaintiff's impairment is stable, with "no indication for any other treatment." ([10] at 348-86; 443-47). The ALJ noted the Disability Determination Services ("DDS") consultants' findings that Plaintiff had fair visual acuity and visual field. ([10] at 21; 85; 96). The ALJ also noted a finding by Dr. Donald Faucett (another DDS consultant) that Plaintiff's vision impairment was not severe, but the ALJ discounted this finding. ([10] at 22; 113). The ALJ found that "no treating provider has opined vocational restrictions as the result of medical conditions, and treatment notes do not show treating sources have restricted claimant's activities in ways that exceed the residual functional capacity." ([10] at 22).

The ALJ also considered Plaintiff's activities of daily living. The ALJ noted that Plaintiff worked as a nanny after her alleged disability onset date[3] and served as her brother's primary caregiver. ([10] at 20; 22). Plaintiff cooks, cleans, and shops. ([10] at 20). She also watches television and uses a cell phone and social media. ([10] at 20). The ALJ noted that Plaintiff flies unaccompanied to see her daughter two to three times a year and has no difficulties maneuvering around the airport. ([10] at 22).

The Court recognizes that there is some evidence of record which supports Plaintiff's claim, including her own testimony. Here, Plaintiff has failed to show that no credible evidence supports the Commissioner's determination. The ALJ found that the evidence of record (including Plaintiff's daily activities) was more persuasive than Plaintiff's subjective complaints,

---

[3] Plaintiff worked as a nanny for a physician, and the ALJ stated: "One would certainly not assume a physician would hire the claimant as a nanny for his children if she was unable to see, stand, walk, and perform other necessary tasks." ([10] at 22).

6

a determination within the purview of the ALJ. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) ("Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence."). The ALJ gave sufficient reasons for her findings, and substantial evidence supports the ALJ's RFC assessment and her finding that Plaintiff could perform her past relevant work as a cashier. Additionally, the ALJ determined that Plaintiff had the ability to perform other jobs, including housekeeper and rental cashier, which do not require visual near acuity, and substantial evidence also supports this finding. ([10] at 24); U.S. Dep't of Labor, Dictionary of Occupational Titles: 295.367-026, 1991 WL 672594; 323.687-014, 1991 WL 672783.

**Issue 2: Severe Impairment**

Plaintiff argues that the ALJ erred by failing to find that her diabetes mellitus was a severe impairment. As previously mentioned, at step two of the sequential analysis, an ALJ determines whether the claimant has a severe impairment. An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). An impairment is not severe "if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (citations omitted). Plaintiff bears the burden of proving that she suffers from a severe impairment. *See Giles v. Astrue*, 433 Fed. App'x 241, 246 (5th Cir. 2011).

The ALJ determined that Plaintiff's diabetes mellitus was not severe. The ALJ explained:

> While diabetes mellitus is a medically determinable impairment, the evidence indicates this condition causes only a slight abnormality that would have no more than a minimal effect on the claimant's ability to work. The claimant's diabetes is managed medically and is amenable to proper control by adherence to

7

> recommended medical management and medication compliance. The record indicates the claimant suffers vision problems due to diabetes mellitus with treatment since the alleged onset date for proliferative diabetes retinopathy; however, other medical records indicate the claimant has issues with compliance with medication for diabetes mellitus and that with compliance, the claimant's diabetes mellitus has improved greatly. Specifically, in May 2018, the claimant's primary provider noted that the claimant was not checking blood glucose levels timely and was non-compliant with medications. However, in June 2018 and October 2018, the claimant's diabetes mellitus was much improved with an A1c of 6.3 at that time. Medical records show that with compliance and proper treatment, diabetes mellitus is not severe and does not cause work-related limitations.

([10] at 18).

The record supports the ALJ's finding. The DDS consultants determined that Plaintiff's diabetes was non-severe. ([10] at 21; 87; 98; 113). Additionally, the records from Plaintiff's medical provider demonstrate that Plaintiff's diabetes can be controlled with medication. On February 26, 2018, Plaintiff's medical provider noted that Plaintiff was compliant with medication and that her diabetes was stable. The provider also noted that Plaintiff's diabetes had "been managed with diet, insulin and fingerstick blood sugars." ([10] at 427). On May 21, 2018, however, the provider found that Plaintiff's diabetes was "getting worse" because she "has not been compliant with medication dosages." ([10] at 389). About two months later, on July 18, 2018, Plaintiff's diabetes had improved because she was compliant with her medications. ([10] at 406). On October 29, 2018, the provider again noted that Plaintiff's diabetes was improving because she was compliant with her medication. ([10] at 397). "If an impairment reasonably can be remedied or controlled by medication or therapy, it cannot serve as a bases for a finding of disability." *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988); *see also Lewis v. Commissioner*, 2000 WL 796443 (N.D. Miss. May 26, 2000) (affirming Commissioner's finding that claimant's diabetes was not severe in "a classic case where the patient's lack of understanding of her disease or willingness to comply with a regimen designed to improve her

life has resulted in the limitations she now complains of and wishes to be compensated for.");
*Wilson v. Astrue*, 2011 WL 3924862, at *6 (S.D. Miss. Aug. 15, 2011) (affirming Commissioner finding that claimant's diabetes was not severe because "his diabetes was controlled by medication"); *Sonnier v. Commissioner*, 2016 WL 1738316, at *3 (W.D. La. May 2, 2016).

The ALJ applied the correct legal standards, and substantial evidence supports her finding that Plaintiff's diabetes was not severe. Accordingly, the Commissioner's decision should be affirmed.

## CONCLUSION

Based on the foregoing, the Court finds that the Commissioner's decision is supported by substantial evidence and that no reversible errors of law were committed by the ALJ.

IT IS, THEREFORE, ORDERED that:

1. The Commissioner's final decision is AFFIRMED.

2. This action is DISMISSED with prejudice.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 9th day of July, 2021.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE